IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:21-CV-05077-MDH<br>) |
| DAVID REYNOLDS, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Want of Jurisdiction. (Doc. 13). For the reasons set forth herein, the Motion to Dismiss (Doc. 13) is **DENIED**.

## BACKGROUND

Defendants David Reynolds, and Amanda Reynolds individually and as Next Friend of Defendants J.R. and J.R., minors (the "Reynolds") are claimants in a wrongful death action against Christopher Montz, in a lawsuit pending in the Circuit Court of Jasper County, Missouri. Montz is additionally named as a defendant in the above-captioned case. At the time of the underlying incident, Defendant Montz was insured by a policy of automobile insurance (the "Policy") issued by Plaintiff State Farm Automobile Insurance Company ("State Farm").

In the instant action, State Farm filed a Complaint for Declaratory Action (Doc. 1) seeking declaratory relief that it is not liable under the Policy because Defendant Montz allegedly was not "insured" as defined in the Policy at the time of the underlying incident. The Policy issued to Defendant Montz has limits of liability for bodily injury of $50,000 per person and $100,000 per occurrence. Sate Farm contends that this Court has subject matter jurisdiction under 28 U.S.C.

1

§ 1332. There is no dispute that diversity of citizenship exists in this case. The sole issue before the Court is whether the amount in controversy exceeds $75,000 as required by § 1332.

**STANDARD**

"In determining the amount in controversy in a declaratory judgment action, the court looks to the value of the object of the litigation." *Nat'l Union Fire Ins. v. Maune,* 2006 U.S. Dist. LEXIS 10831, 2006 WL 587650 at *2. (E.D. Mo. March 10, 2006); *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 383 (1977). "If, for example, the substance of the declaratory judgment action seeks to determine the validity of an insurance policy, then the policy limit is essentially, the value of the object of the litigation." *Id.* at *2; *Home Ins. Co. of N.Y. v. Trotter,* 132 F.2d 800, 803 (8th Cir. 1942). Importantly, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy'". *Id.* at *2 quoting *Hartford Ins. Group v. Loucon. Inc.,* 293 F.2d 908, 911 (5th Cir. 2002) (quoting *Wright & Miller, Federal Practice and Procedure* § 3710 (3rd Ed. 1998)); *Rasmussen v. State Farm Mut. Auto Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir. 2005).

**DISCUSSION**

In this declaratory judgment action, Plaintiff State Farm seeks the Court's interpretation of its policy as it relates to the definition of "insured" and the contention by State Farm that Defendant Montz is not considered "an insured" under the policy since the alleged liability in the underlying case did not arise out of the ownership, maintenance, or use of his vehicle. Thus, since this declaratory judgment involves the applicability of the State Farm Policy to the particular occurrence, the amount in controversy is measured by the value of the underlying claim being

2

Case 3:21-cv-05077-MDH    Document 31    Filed 11/09/21    Page 2 of 4

made by the Reynolds Defendants and not the face value of the policy. *Farmer v. State Farm Mut. Auto. Ins. Co.,* 2009 U.S. Dist. LEXIS 27655, 2009 WL 911724, *2 (E.D. Mo. Apr. 1, 2009).

The Reynolds argue that the amount in controversy cannot be higher than the Policy limit of $50,000. The Reynolds also later argue they believe the actual amount in controversy is only $25,000 due to liability coverage limits required by the Missouri Financial Responsibility Law, but this argument lacks merit because it ignores that State Farm's Complaint contends that it has no duty to indemnify Defendant Montz regarding the underlying action whatsoever.

While the Policy limit is $50,000, the Policy also provides for attorney fees. "If an action is brought against an insurance company involving a contract that requires it to defend the insured, the potential attorney's fees are included in determining the amount in controversy." *Shelter Mut. Ins. Co.,* 2007 U.S. Dist. LEXIS 44982 *5, 2007 WL 1810520; *Allstate Ins. Co. v. Dillard,* 190 F. Supp. 111 (D.C. Pa. 1960). See also *Criterion Ins. Co. v. Quillen*, 212 F. Supp. 924 (D.C. Md. 1963; *Boulet v. Millers Mut. Ins. Ass'n of Illinois,* 36 F. RD 99, 102 (D.C. Minn. 1964). As set forth in *VAS Real Estate No. 1, LLC v. Century Surety Co. (Inc.)*, 2010 U.S. Dist. LEXIS 41949, 2010 WL 1728133 at *2 (E.D. Apr. 29, 2010). "While attorney's fees and/or defense costs are not normally considered when determining the amount in controversy, they are included in the amount in controversy (1) when provided by contract, (2) when provided by a statute that expressly mandates or allows the payment of such fees, and (3) *when an insurance company will have to pay the underlying defense costs of the insured.*" *Id.* quoting *Grange Mut. Cas. Co. v. Safeco Ins. Co. of America,* 565 F.Supp.2d 779, 784 (E.D. KY. 2008) (emphasis added).

The Reynolds question the likelihood of State Farm's attorney fees exceeding $25,000. However, State Farm provides the Affidavit of Richard Buchmann—a Team Manager with State Farm—stating that he believes that the attorney fees incurred by State Farm to defend Defendant

3

Montz in the underlying action will exceed $25,000. (Doc. 20-3). State Farm's per person policy limits of $50,000 in combination with attorney fees in excess of $25,000 exceed the $75,000 jurisdictional limit as specified by 28 U.S.C. § 1332. Mr. Buchmann's testimony emphasizes that the underlying case involves a wrongful death, damages for aggravating circumstances, and a defendant who pled guilty to criminal charges.

Based on the above, the Court concludes the amount of controversy in this case, measured by the value of the object of the litigation, meets the jurisdictional threshold under 28 U.S.C. § 1332. State Farm has sufficiently demonstrated that the Policy's $50,000 limit in combination with attorney fees exceeds $75,000.

## CONCLUSION

For the foregoing reasons, the Reynolds Defendants' Motion to Dismiss (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 9, 2021
  */s/ Douglas Harpool*
  **DOUGLAS HARPOOL**
  **United States District Judge**