IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:21-cv-05077-MDH ) |
| DAVID REYNOLDS, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court are Plaintiff State Farm Mutual Automobile Insurance Company's ("Plaintiff") Motion for Summary Judgement ("Plaintiff's Motion") (Doc. 66) and David Reynolds, Amanda Reynolds, J.R., and J.R.'s ("Reynolds Defendants") Motion to Strike Plaintiff's Motion for Summary Judgement. (Doc. 67). The parties have fully briefed issues raised in the motions. Defendant Christopher Montz ("Defendant Montz") has briefed the issue separately from the Reynolds Defendants. (Doc. 91). The Court has reviewed all briefing and the matter is now ripe for review. For reasons herein, Plaintiff's Motion is **GRANTED** and Reynolds Defendants' Motion is **DENIED**. Summary judgment is entered in favor of Plaintiff.

## BACKGROUND

This action stems from a June 2018 roadside dispute between David Reynolds and Defendant Montz. Defendant Montz pled guilty in the Circuit Court of Jasper County, State of Missouri, to one count of voluntary manslaughter for causing the shooting death of David Reynolds during the dispute. (Doc. 66 at Ex. C; Doc. 69 at 24). Reynolds Defendants sued Defendant Montz on January 12, 2021 in the Circuit Court of Jasper County, State of Missouri,

1

alleging negligence and intentional tort resulting in death. (Doc. 66 at Ex. B; Doc. 69 at ¶ 1). Plaintiff brought the present action September 9, 2021 for the "purpose of determining an actual controversy between the parties involving the interpretation of an insurance contract." (Doc. 1 at ¶ 6). Plaintiff moved for summary judgment, arguing, *inter alia*, Defendant Montz failed to qualify as insured for purposes of a car insurance policy. (Doc. 66 at 10). Reynolds Defendants argued Plaintiff was precluded from denying coverage because of a deficient reservation of rights letter. (Doc. 68 at 1).

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

# DISCUSSION

## I. Reynolds Defendants Lack Standing to Challenge Validity of Reservation of Rights Letter and Counsel

As a threshold matter, this Court must address the issue the parties raised in briefing for Reynolds Defendants' Motion to Strike. Reynolds Defendants argue Plaintiff is precluded from denying coverage to Defendant Montz, because of an inadequate reservation of rights letter ("Letter") and failure to provide adequate counsel. (Doc. 68). Specifically, Reynolds Defendants argue: 1) Letter was untimely; 2) Letter was insufficient; and 3) Plaintiff failed to provide Defendant Montz with counsel separate from Defendant Montz's counsel in the underlying tort suit. (Doc. 68 at 3). Plaintiff argues Reynolds Defendants lack standing to challenge Letter's sufficiency and representation, as Reynolds Defendants are neither a party to the contract between Plaintiffs and Defendant Montz nor a third-party beneficiary. (Doc. 92 at 2, 6). Plaintiff's argument is persuasive.

Tort claimants with neither settlement agreements nor judgments against a party to a contract are not third-party beneficiaries to the underlying contract. *Shelter Mut. Ins. Co. v. Bedell*, 459 S.W.3d 524, 527 (Mo. Ct. App. 2015). *See also State Farm Mutual Auto. Ins. Co. v. Allen*, 744 S.W.2d 782, 785 (Mo. banc 1988); *Mid–Century Ins. Co. v. Wilburn*, 422 S.W.3d 326, 329 (Mo. App. 2013); *Desmond v. Am. Ins. Co.*, 786 S.W.2d 144, 145 (Mo. App. 1989). Standing to litigate contractual validity requires one be either a third-party beneficiary or a party to the contract at issue. *Shelter Mut. Ins. Co. v. Bedell*, 459 S.W.3d 524, 527 (Mo. Ct. App. 2015). *See also Carden v. Missouri Intergovernmental Risk Management Ass'n*, 258 S.W.3d 547, 558–59 (Mo. App. 2008); *Am. Econ. Ins. Co. v. Ledbetter*, 903 S.W.2d 272, 275–76 (Mo. App. 1995*); St. Paul Fire & Marine Ins. Co. v. Med. Protective Co. of Fort Wayne, Ind.,* 675 S.W.2d 665, 667 (Mo. App.

3

1984); *Hardware Center, Inc. v. Parkedge Corp.,* 618 S.W.2d 689, 694–95 (Mo. App. 1981). Reynolds Defendants' only connection to the underlying insurance contract remains the tort case pending in state court. As neither a party to the insurance contract between Plaintiff and Defendant Montz nor a third-party beneficiary with a judgment or settlement agreement, Reynolds Defendants lack standing to challenge Plaintiff's specific contractual obligations to Defendant Montz. Reynolds Defendants' Motion to Strike is denied.

## II. Defendant Montz was not Insured for Policy Purposes at Time of Homicide

Viewing the evidence in the light most favorable to the non-moving parties, any factual disagreement remains immaterial. Plaintiff has shown no reasonable factfinder could find for Reynolds Defendants or Defendant Montz. Based on all parties' briefing, no party disagrees with the following description of facts surrounding David Reynolds' homicide.

A dispute arose between David Reynolds and Defendant Montz while the two operated separate vehicles on the highway. (Doc. 69 at ¶ 11; Doc. 93 at ¶ 11; Doc. 91 at 2; ¶ 2). The two drivers pulled off the highway onto the side of the road. (Doc. 69 at ¶ 11; Doc. 93 at ¶ 11; Doc. 91 at 2; ¶ 2). David Reynolds and Defendant Montz interacted after pulling their vehicles off the road. (Doc. 69 at ¶ 14, 15; Doc. 93 at ¶ 12; Doc. 91 at 2; ¶ 2). Defendant Montz fatally shot David Reynolds during their roadside interaction. (Doc. 69 at ¶ 14, 15; Doc. 93 at ¶ 12; Doc. 91 at 2; ¶ 2). Exhibit J of Defendants' Suggestions in Opposition to Plaintiff's Motion for Summary Judgment (exhibit c in Plaintiff's Motion) constitutes the relevant policy ("Policy"), covering the vehicle Defendant Montz drove prior to the homicide. (Doc. 69 at ¶ 18; Doc. 93 at ¶ 18; Doc. 91 at ¶ 7). Plaintiff issued Policy to Defendant Montz and Policy was active at the time of the June 9, 2018 homicide. (Doc. 69 at Ex. J). Policy contains the following relevant language.

LIABILITY COVERAGE

Additional Definition

*Insured* means:

1. *you* and *resident relatives* for:
   a. the ownership, maintenance, or use of:
      i. *your* car;
      ii. a *newly acquired car;* or
      iii. a *trailer*; and…

(Doc. 69 at Ex. J 5)

Insuring Agreement

1. *We* will pay:
   a. damages an *insured* becomes legally liable to pay because of:
      i. *bodily injury* to others; and
      ii. Damage to property caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage provided by this policy…

(Doc. 69 at Ex. J 6)

Policy text indicates liability coverage extends only to the insured, which in turn requires one to be engaged in the "use" of one's car. (Doc. 69 at Ex. J 5). The relevant question then becomes whether Defendant Montz was engaged in "use" of his car at the time of the homicide, so to be "insured" for Policy purposes. Plaintiff argues Defendant Montz was not engaging in use of his car at the time of the homicide, as "the discharge of the gun by [Defendant] Montz was unconnected to the apparent use of the vehicle." (Doc. 66 at 11).

Reynolds Defendants urge a broader look at the dispute, focusing not only on the shooting, but also the beginning of the underlying dispute. (Doc. 69 at 26; ¶ 11). Reynolds Defendants emphasize Defendant Montz was driving either to or from the hospital where he believed his

mother to be in poor health and that David Reynolds cut off Defendant Montz while driving, before David Reynolds flagged Defendant Montz to the side of the highway. (Doc. 69 at 26; ¶ 11). In other words, Reynolds Defendants argue one cannot understand the nature of the dispute before the homicide, unless one considers the dispute originated as a road rage incident while Defendant Montz operated his vehicle on the highway.

The definition of "use" for purposes of insurance coverage has been thoroughly litigated. "'[U]se' is a broad term which includes within its scope any means by which a vehicle may be employed or put into service *consistent with its nature as a vehicle*[.]" *Geico Cas. Co. v. Walker*, 2019 U.S. Dist. LEXIS 196014, *5-6, 2019 WL 5685683 (quoting *Walden v. Smith,* 427 S.W.3d 269, 273 (Mo. App. W.D. 2014)) (emphasis added). A causal connection must exist "between an injury and the 'use' of an automobile in order for there to be coverage." *Cameron Mut. Ins. Co. v. Ward*, 599 S.W.2d 13, 15 (Mo. App. W.D. 1980). "Missouri courts have consistently found that injuries resulting from intentional shooting or accidental discharge of a gun by an occupant of a motor vehicle 'are not injuries which 'arise out of the use of' the motor vehicle because the motor vehicle is merely the 'situs' or 'locus' of the cause of the victim's injuries and the discharge of the gun is unconnected to the inherent use of the motor vehicle.'" *Walker* at 5-6 (quoting *Ward v. Int'l Indem. Co.,* 897 S.W.2d 627, 629 (Mo. App. E.D. 1995)).

In *Walker*, the insured heard gunshots coming from a nearby vehicle stopped at a traffic light. *Walker* at 6. The insured drove away quickly while ducking, struck a guardrail and trees, and sustained injuries. *Id*. The Court reasoned, though the insured suffered no bullet wounds, injuries sustained during the collision were inseparable from gunshots, which caused the insured to drive while ducking. *Id*. The causal link between the insured's injury and the shooting prohibited the Court from finding the injuries arose out of the car from which the shots were fired. *Id*. Similarly,

6

Defendant Montz shooting David Reynolds is simply too attenuated from Defendant Montz's operation of his vehicle to conclude Defendant Montz was engaging in "use" of his car for Policy purposes. This is true even accepting Reynolds Defendants' scope of the disagreement, including the initial road rage incident before the firearm discharge. Parties agree Defendant Montz and David Reynolds pulled their cars to the side of the road before Defendant Montz shot David Reynolds. (Doc. 69 at ¶ 11; Doc. 93 at ¶ 11; Doc. 91 at 2; ¶ 2). That Defendant Montz's car and David Reynolds' car had left the road and become stationary before the shooting, supports finding Defendant Montz was not engaged in "use" of his car. A deadly shooting is neither a natural, foreseeable, nor proximate outcome of conflict between drivers.

Reynolds Defendants and Defendant Montz cite several cases in opposition to Plaintiff's Motion. Each is sharply distinguishable from the present matter. In *Whitehead*, the Court carved a narrow exception to Missouri caselaw holding firearm discharge does not arise from use of one's vehicle. In *Whitehead*, a shooting occurred while law enforcement officers transported an armed robbery suspect to a police station for interrogation. *State Farm Mut. Auto. Ins. Co. v. Whitehead*, 711 S.W.2d 198, 201 (Mo. App. S.D. 1986). "[The robbery suspect's] use of his pistol resulted because the car was being used to take him where he preferred not to go. [The sheriff] likely would not have used his pistol without the threat or use by [the suspect] of his gun." *Id*. Factual differences between *Whitehead* and the present case, render *Whitehead* of little probative value.

In *Davis*, the Ninth Circuit applied California law and found a shooting while a vehicle was being driven on a highway arose from the use of the car. Not only is *Davis* non-binding, but the Court specifically considered whether the "assailant was using the vehicle for transportation at the time of the shooting and whether the driving facilitated the shooting." *State Farm Mut. Auto. Ins. Co. v. Davis*, 937 F.2d 1415, 1421 (9th Cir. 1991). Unlike *Davis*, parties agree Montz and

7

Reynolds were not actively using the vehicles for transport at the time of the shooting. (Doc. 69 at ¶ 11; Doc. 93 at ¶ 11; Doc. 91 at 2; ¶ 2). The Court's specific reasoning in *Davis* supports finding Defendant Montz was not engaging in "use" of his car, given Defendant Montz did not operate his vehicle at the time of the shooting.

Plaintiff additionally argues in separate sections of Plaintiff's Motion that: 1) Plaintiff is not liable to Reynolds Defendants because David Reynolds' death was not caused by a vehicle and; 2) policy coverage would not include any punitive damages for which Defendant Montz became liable. (Doc. 6 at 12; 15). Coverage based on either of these two theories would first require finding Defendant Monz is "insured" for Policy purposes. Given Defendant Montz was not engaged in "use" of his vehicle at the time of David Reynolds' death, Defendant Montz cannot be considered "insured" for Policy purposes. Accordingly, Plaintiff's arguments regarding whether David Reynolds' death was caused by a vehicle and punitive damages are moot.

## CONCLUSION

For foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 66) is **GRANTED**. Reynolds Defendants' Motion to Strike is **DENIED**. Summary judgment is entered in favor of State Farm Mutual Automobile Insurance Company.

**IT IS SO ORDERED.**

Dated: September 29, 2022 */s/ Douglas Harpool*
**Douglas Harpool**
**United States District Court**